IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DENNIS O'NEAL LEE                                                                                    PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:10cv623-FKB

JAMES HOLMAN, STEVEN RUSHING
and DR. HEIN SCHAFER                                                                            DEFENDANTS

## OMNIBUS ORDER

This an action brought by a state inmate pursuant to § 1983.  A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.  Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the Court rules and orders as follows.

Plaintiff has sued various prison officials for failure to provide adequate medical treatment.  In August of 2009, Plaintiff was transferred from the Lincoln County Jail to Central Mississippi Correctional Facility (CMCF) because of a parole violation.  During intake at CMCF, his hair was cut with dirty clippers.  As a result, he contracted a serious fungal infection in his scalp. He claims that when he returned to Lincoln County in October of 2009, Defendant Steve Rushing, the Lincoln County Sheriff, failed to respond to his repeated requests for medical attention until January of 2010, when he finally was seen by a physician.   He also asserts claims against James Holman, the warden at CMCF, and Dr. Hein Schafer, a physician at Parchman who has treated his condition but was unsuccessful in curing him of the infection.

The Court concludes that Plaintiff has failed to state a claim against Defendant

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Schafer.  Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  Plaintiff's allegations do not arise to the level of deliberate indifference.  It was clear from Plaintiff's testimony at the hearing that Dr. Schafer provided medical treatment to him.  Plaintiff simply believes that Dr. Schafer failed to give him *proper* treatment.  Plaintiff's dissatisfaction and disagreement with Dr. Schafer's treatment of him does not give rise to a constitutional claim.  *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).  Accordingly, the claims against Dr. Schafer are dismissed.

Plaintiff's allegations against Defendant Holman are that as warden at CMCF, Holman was responsible for the barbering practices at CMCF and that Holman failed to insure that Plaintiff was returned for a check-up with his physician.  He admitted at the hearing that Holman had no personal involvement in Plaintiff's haircut or his medical treatment.  Plaintiff's allegations regarding his medical appointment do not rise to the level of deliberate indifference.  Neither has Lee alleged any knowledge on Holman's part concerning the allegedly unsanitary barbering practices at the prison.  There is no respondeat superior liability under § 1983.  *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).   Rather, a plaintiff must establish that the defendant directly participated in the denial of his constitutional rights.  *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).  Because Lee has failed to allege any other personal involvement on the part

of Defendant Holman, the claims against him are likewise dismissed.

The claims against Defendant Rushing are hereby set for a bench trial before the undersigned on Wednesday, November 30, 2011 at 1:30 p.m.

Discovery shall be limited to ten interrogatories, ten requests for production, and ten requests for admission for each party. Defendant Rushing shall produce all of Plaintiff's detention center medical records to him within thirty days, if he has not already done so. All discovery shall be completed by September 16, 2011. Any dispositive motions shall be filed by September 30, 2011.

So ordered and adjudged, this the 27th day of July, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE